UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANNA YVETTE NASH,

    Plaintiff,

v.                                                             Case No. 8:23-cv-230-CPT

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA or the Act), the Defendant Commissioner's response to same, and the Plaintiff's reply. (Docs. 24, 26, 29, 31). For the reasons discussed below, the Plaintiff's motion is granted in part and denied in part.

I.

The Plaintiff initiated this action in February 2023 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (Doc. 1). In March 2024, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 22). The Clerk of Court entered Judgment for the Plaintiff the same day. (Doc. 23).

The instant motion soon followed. (Doc. 24). By way of that filing, the Plaintiff seeks $9,995.87 in attorneys' fees based upon a total of 48.4 hours expended in this action between 2023 and 2024 by her lawyers and the paralegals who assisted them. (Docs. 24, 29, 31). In his response, the Commissioner states that he does not dispute the Plaintiff's entitlement to fees but does object to the amount of time the Plaintiff's legal team spent in prosecuting this lawsuit. (Doc. 26). The Plaintiff counters in her reply that the bulk of the legal services rendered by her counsel were reasonable and should be compensated. (Doc. 29).

After conducting a preliminary review of the parties' submissions, the Court directed the parties to further confer and to notify the Court of the results of their efforts. (Doc. 30). In a subsequently filed joint notice, the parties reported that they resolved a portion of their disagreement and clarified their respective positions on those points where they were unable to find common ground. (Docs. 30, 31-1). The matter is now ripe for the Court's consideration.

II.

The EAJA authorizes a court to grant attorneys' fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust. 28 U.S.C. § 2412(d). To warrant the issuance of fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and her net worth must not have

exceeded $2,000,000 at the time she commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

The Court finds that each of these conditions has been satisfied here and that it is thus appropriate to grant attorneys' fees to the Plaintiff pursuant to the EAJA. As noted above, the government does not contend otherwise.

In assessing the fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market

rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Roman v. Comm'r of Soc. Sec.*, 2024 WL 3046249, at *1 (M.D. Fla. June 18, 2024); *Goldstein v. Comm'r of Soc. Sec.*, 2024 WL 2019866, at *1 (M.D. Fla. May 7, 2024); *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2 (M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022). The Court therefore finds there is a sufficient basis for deviating upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009);

*Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[1] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments). Given this case authority, the Court finds it reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Oct. 25, 2024).

Here, as referenced previously, the Plaintiff seeks $9,995.87 in attorneys' fees predicated on a total of 48.4 hours her legal team devoted to this action in 2023 and 2024. (Docs. 24, 29, 31). That legal team consisted of lawyers Daniel Brady, Kaelin Richard, Edward Wicklund, Melissa DelGuercio, and Sara Barthol, as well as paralegals Jake Marshall, Lillian Truong, Craig Lewis, Brenden Perrigo, Jordan Harcleroad, Grace Rosario, Kristen Harrington, and Nicole Addley.[2] *Id*. The sought-after fees are based on an hourly rate of $243.13 for attorneys Brady and Richard, an hourly rate of $125 for attorneys Wicklund, DelGuercio, and Barthol,[3] and an hourly

---

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

[2] It has long been recognized that paralegal work is recoverable under the EAJA provided that the hourly rate and the time spent are reasonable and the services completed are of the type normally engaged in by a lawyer. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (ruling that paralegal fees are recoverable under the EAJA at the prevailing market rate); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (explaining that paralegal fees are compensable "to the extent that the paralegal perform[ed services] traditionally done by an attorney").

[3] Because attorneys Wicklund, DelGuercio, and Barthol are not admitted to the Middle District of Florida, their hourly rates are properly limited by the Plaintiff to $125. *See Taylor v. Comm'r of Soc. Sec.*, 2023 WL 4082125, at *1 (M.D. Fla. June 20, 2023) (only approving an hourly rate of $125 for

rate of $75 for each of the paralegals. (Docs. 24, 29, 31). The Commissioner does not quarrel with any of these rates. (Doc. 26). In light of the Commissioner's position, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the requested rates are within the range permitted by the Act.

The number of hours claimed by counsel, however, requires a more extended discussion. It is well established that "[f]ee applicants are required to exercise 'billing judgment.'" *Maciejczyk v. You Fit, Inc.*, 2013 WL 7186419, at *2 (M.D. Fla. Dec. 12, 2013) (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)), *report and recommendation adopted*, 2014 WL 585067 (M.D. Fla. Feb. 12, 2014). This means that "they must exclude from their fee applications excessive, redundant, or otherwise unnecessary" time spent on a case, which "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (internal quotation marks and citations omitted). If fee applicants do not exercise the appropriate discretion in preparing their fee requests, "courts are obligated to do it for them." *Id.* And if a court deems the amount of claimed work to be unreasonable, it should "specifically explain which hours [are] disallowed and why an award for such hours would be improper." *Hill v. Seaboard Coast Line R. Co.*, 767 F.2d 771, 775 (11th Cir. 1985).

---

attorneys not admitted to practice in Florida); *Al Shaer v. Comm'r of Soc. Sec.*, 2022 WL 17272389, at *2 (M.D. Fla. Nov. 29, 2022) (same).

In applying these standards to EAJA fee petitions, many courts have determined that a fee applicant may not receive payment for purely clerical or secretarial tasks on the theory that such labor is "part of a law firm's overhead and [is] not billed to the client on an itemized basis." *Vargas v. Comm'r of Soc. Sec.*, 2015 WL 4722619, at *2 (M.D. Fla. Aug. 7, 2015) (citations omitted). The distinction between clerical services and compensable work, however, is not necessarily well defined. *Id.* Ultimately, courts in this District have relied upon their judgment and expertise in discerning where the dividing line is. *See, e.g., Lucas-Williamson v. Saul*, 2019 WL 6792458, at *1–2 (M.D. Fla. Nov. 6, 2019) (citing *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)), *report and recommendation adopted*, 2019 WL 6770084 (Dec. 12, 2019); *Vargas*, 2015 WL 4722619, at *2–3. By way of example, courts have found that it is not improper to reimburse attorneys for reviewing proofs of service, legal papers they intend to sign, and court documents filed on the docket, including scheduling orders. *Vargas*, 2015 WL 4722619, at *2–3 (explaining that counsel must read scheduling orders and other court filings, proofs of service, and—if only briefly—notices of pendency of related cases before they are filed). Additional work for which lawyers may validly seek repayment includes time spent examining and processing files from a referral source where a claimant was not represented by the same counsel at the administrative level. *See Goodman v. Comm'r of Soc. Sec.,* 2019 WL 1763205, at *7 (M.D. Fla. Apr. 22, 2019); *Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1353 (M.D. Fla. 2011).

By contrast, courts in this District have deemed other tasks to be clerical and thus non-compensable, such as: (1) mailing materials; (2) inspecting the summonses issued to the Commissioner, the United States Attorney's Office, and the United States Attorney General; (3) ensuring executed documents obtained from the client are complete; (4) compiling an administrative transcript, bookmarking it, and rendering it text searchable; and (5) preliminarily reviewing an administrative transcript and assigning an attorney writer. *See, e.g., Mullinax v. Comm'r of Soc. Sec.,* 2019 WL 1440149, at *2, n.2 (M.D. Fla. Apr. 1, 2019); *Goodman,* 2019 WL 1763205, at *5–6; *Schoenfeld v. Berryhill,* 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018); *Zabala v. Comm'r of Soc. Sec.,* 2018 WL 6589837, at *3 (M.D. Fla. Dec. 14, 2018). Courts have similarly declined to reimburse time dedicated to an attorney's contract with the client to proceed in federal court, otherwise known as the "FDC" packet. *See, e.g., Wilson v. Comm'r of Soc. Sec.,* 2024 WL 1555372, at *5 (M.D. Fla. Apr. 10, 2024) (finding work related to the FDC packet to be non-compensable) (citations omitted); *Taylor,* 2023 WL 4082125, at *2 (describing the preparation and review of the FDC contract and other representation documents as examples of labor that could have been completed by "support staff").

To buttress her fee request here, the Plaintiff submits, *inter alia*, an itemized schedule of the services rendered by her lawyers and paralegals, along with the hours they spent engaging in that work. (Docs. 24-1, 29-1). The Commissioner disputes approximately eleven hours of this time. (Docs. 26, 31-1). The Commissioner also

objects to the amount of work Plaintiff's counsel expended in drafting a reply to the instant fee motion. (Doc. 31 at 2). Each of these challenges will be addressed in turn.

The eleven hours contested by the Commissioner includes an entry of 6.1 hours by Ms. Richard to craft the Plaintiff's rejoinder to the government's opposition to the Plaintiff's original legal memorandum challenging the Commissioner's denial of her DIB and SSI application. Ms. Richard utilized the designated time to inspect both the record and the pertinent filings, and to compile this submission. (Docs. 30, 31-1). It appears that other time spent on this document was by Mr. Brady, who billed 0.5 hours to assess the government's opposition for arguments suitable for further briefing, and by Mr. Wicklund, who billed 0.3 hours to conduct a "[s]enior attorney review" of Ms. Richard's draft. (Doc. 24-1 at 3). Ms. Richard then incurred an additional 0.2 hours inputting the suggested edits and finalizing the memorandum. *Id.*

The Court finds that attorneys Richard, Brady, and Wicklund appropriately divided the tasks necessary to prepare the Plaintiff's reply to the government's opposition to the Plaintiff's initial memorandum. Although three lawyers worked on this filing, Mr. Brady evaluated the merits of countering the government's response, Ms. Richard focused her energy on examining the record and composing the initial draft, and Mr. Wicklund proposed edits. *See id*. The total number of hours Richard, Brady, and Wicklund expended in carrying out their respective responsibilities was neither excessive nor unreasonable. *See Jean*, 863 F.2d at 772–73 ("While duplication of effort is a proper ground for reducing a fee award, a reduction is warranted only if the attorneys are *unreasonably* doing the *same* work.") (internal quotation marks and

9

citation omitted); *Norman*, 836 F.2d at 1306 (noting "that the measure of reasonable hours is determined by the profession's judgment of the time that may be consciously billed and not the least time in which it might theoretically have been done").

The eleven hours disputed by the Commissioner also includes some of the time Mr. Brady spent in reviewing the Court's Order reversing and remanding this case for further proceedings. (Doc. 31-1). According to the Plaintiff's billing records, Mr. Brady billed 0.4 hours for reading the Order, and then another 0.6 hours for engaging in the same task the next day. (Doc. 24-1 at 3–4). Following the parties' recent conferral, however, the Plaintiff agreed that the latter time entry amounted to an "erroneous duplication." (Doc. 31 at 2). The Court will therefore deduct this entry from the total fee amount sought by the Plaintiff.

Lastly, the eleven hours challenged by the Commissioner includes time expended by the paralegals performing what the Commissioner submits was clerical work. *See* (Doc. 31-1). The Court agrees with the Commissioner's position in part. While much of the labor the paralegals carried out seems to be reasonable, the services listed in the table below—including handling the FDC contract, confirming the Plaintiff's documents were complete, and bookmarking the administrative record—are not reimbursable. *See Wilson*, 2024 WL 1555372, at *5 (citation omitted); *Taylor*, 2023 WL 4082125, at *2 (citation omitted). In addition, at least a portion of two charges related to the FDC contract appear to be redundant.

The Commissioner's other objection, as noted above, is to the time—totaling 4.1 hours—that Ms. Barthol spent writing and editing the Plaintiff's reply to the

Commissioner's opposition to the Plaintiff's instant fee motion and the time—totaling 0.2 hours—Mr. Brady spent in reviewing this document. (Doc. 31). This objection fails. The Plaintiff's reply assisted the Court in resolving the parties' competing arguments regarding the compensability of the disputed time entries. *See Goodman*, 2019 WL 1763205, at *7 n. 8 ("Because the reply was helpful in addressing at least some of the challenged hours . . . , the [c]ourt will not categorically strike all time spent on the reply."). And, as reflected by the case law, the total of 4.3 hours counsel devoted to preparing this submission was not unreasonable given the circumstances presented. *See Wilson*, 2024 WL 1555372, at *5 (allowing reimbursement for 4.1 hours by an attorney for time spent reviewing the Commissioner's response to a EAJA motion and drafting and editing a reply); *Vanness v. Comm'r of Soc. Sec.*, 2023 WL 1861417, at *3 (M.D. Fla. Feb. 9, 2023) (approving 4.0 hours billed in connection with researching and drafting a reply in support of a EAJA fee petition).

In sum, after careful review of the matter, the Court finds that the total number of hours expended by the Plaintiff's attorneys and their paralegals is subject to a modest reduction. The specific amounts to be deducted from the requested fee figure are set forth below.

| Date | Task | Time (paralegal) | Time (attorney) |
|---|---|---|---|
| 2/1/2023 | Telephone call with client re IFP assessment, assistance with IFP application | 0.6 | |

11

| 2/1/2023 | FDC contract and other rep documents prepared for client for completion | 0.6 | |
| --- | --- | --- | --- |
| 2/1/2023 | FDC contract and other rep documents returned via AssureSign, reviewed for completion | 0.6 | |
| 3/31/2023 | Combine OCR and live bookmark Federal Court transcript | 1.0 | |
| 3/27/2024 | FDC remand referral back to referral source | 0.3 | |
| 3/21/2024 | Review order reversing and remanding case for further proceedings | | 0.6 |

Taking into account the above adjustments, the Plaintiff is entitled to an award of $9,617.49 in attorneys' fees.

III.

For the reasons set forth above, it is hereby ORDERED:

1. The Plaintiff's motion for attorneys' fees pursuant to the EAJA (Doc. 24) is granted in part and denied in part as more fully described herein.

2. The Plaintiff shall be awarded attorneys' fees in the amount of $9,617.49.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff. If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyers.

SO ORDERED in Tampa, Florida, this 25th day of October 2024.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record